IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BARWICK,

                Petitioner,              OPINION AND ORDER

v.

                                        22-cv-506-wmc

WARDEN CLINTON BRYANT,

                Respondent.

---

Petitioner Brian Barwick filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2016 convictions in four, consolidated Milwaukee County cases on grounds of ineffective assistance of counsel. The court screened his petition and ordered a response. (Dkt. #5.) Respondent Warden Clinton Bryant has since moved to dismiss Barwick's petition, contending that the petition is untimely. (Dkt. #10.) For the reasons explained below, the court will dismiss Barwick's petition.

BACKGROUND

Following a trial, a jury convicted Barwick of 11 criminal counts changed in the four consolidated cases: 4 counts of unlawful use of a computerized communication system; 3 counts of knowingly violating a domestic abuse injunction as an act of domestic violence; 3 counts of felony bail jumping; and 1 count of stalking. *See* Milwaukee County Case Nos. 2014CM4275, 2015CF1521, 2015CF3082, 2015CF4127. Barwick was then sentenced to a combined seven years of initial confinement followed by seven years of extended supervision.

While Barwick appealed, the Wisconsin Court of Appeals affirmed his convictions and sentences in a September 5, 2018, opinion. *State v. Barwick*, 2018 WI App 66, ¶ 1. The Wisconsin Supreme Court denied Barwick's petition for review on January 15, 2019. (Dkt. #10-1 at 7.) He did not seek certiorari in the United States Supreme Court.

There was no further activity in Barwick's state-court cases until he filed a *pro se* motion on March 30, 2020, in an attempt to collaterally attack his convictions under Wis. Stat. § 974.06. (*Id.* at 6-7.) The circuit court denied that motion and Barwick appealed. However, the Wisconsin Court of Appeals again affirmed in a December 21, 2021, opinion, and the Wisconsin Supreme Court denied his petition for review on April 13, 2022. (*Id.* at 3.) After once again foregoing a cert petition, Barwick filed this federal petition under § 2254, dated August 31, 2022, and docketed by this court on September 6, 2022. (Dkt. #1.)

## ANALYSIS

A person filing a habeas corpus petition under § 2254 must meet the one-year time limitation imposed by 28 U.S.C. § 2244(d)(1) as measured from the latest of four events described in the statute, the first of which is relevant here: "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Since petitioner appealed his convictions, and the Wisconsin Supreme Court ultimately denied his petition for review on January 15, 2019, petitioner's one-year limitations period began running under § 2244(d)(1)(A) upon expiration of the 90-day deadline to file a petition for writ of certiorari with United State Supreme Court. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). It then ran

for 350 days before tolling when petitioner filed his postconviction motion in state circuit court on March 30, 2020. *See* 28 U.S.C. § 2244(d)(2) (the time during which a properly filed state postconviction motion concerning the judgment or claim is pending may toll the limitation period).

At that point, therefore, petitioner had only 15 days left to file a federal habeas petition. That remaining time was tolled from when he filed his postconviction motion until the Wisconsin Supreme Court denied his petition for review on April 13, 2022. "Unlike cases on direct review, when the case is upon collateral review, the ninety days during which a petition for certiorari can be filed is not included in the stayed time." *Foote v. Kingston*, No. 07-C-353, 2007 WL 2021913, at *1 (E.D. Wis. July 9, 2007) (citations omitted). Accordingly, petitioner's one-year federal limitations period expired 15 days later, on April 29, 2022, making petitioner's August 31, 2022, federal habeas petition about four months too late.[1]

Petitioner could have overcome this time bar by establishing a basis for additional, equitable tolling, if he has been pursuing his rights diligently and some other extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Indeed, petitioner argues that he is entitled to equitable tolling for two reasons. However, neither is persuasive. *First*, petitioner asserts that he is "legally illiterate," and his institution's law library was shut down for three months beginning in January 2020 in response to the COVID-19 pandemic, so he could not file his state-court postconviction

---

[1] Although petitioner filed a petition for sentence adjustment in state court on June 10, 2022, "a state proceeding that does not begin until the federal year expired is irrelevant." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

3

motion any sooner than he did. (Dkt. #17 at 1.) As an initial matter, a lack of legal expertise is not enough to entitle petitioner to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Moreover, a three-month delay in filing his state-court motion for collateral relief in 2020 does not explain why he could not file that motion in the year *before* the pandemic. Neither does it establish that petitioner was prevented from timely filing a federal habeas petition, nor that petitioner was unable to file pleadings with the court at any time during the pandemic. *See Day v. Niles Twp. High Sch. Dist. 219 Bd. of Educ.*, No. 20 C 5772, 2020 WL 7641273, at *2 (N.D. Ill. Dec. 23, 2020) (equitable tolling warranted when plaintiff "was turned away from the courthouse due to pandemic-related closures and was unable to file the complaint online through no fault of his own"). Finally, even if the court were to apply equitable tolling in petitioner's favor for the three months the institution's library was closed, his federal habeas petition would *still* be untimely by about a month.

*Second*, petitioner notes that staffing shortages in 2022 limited his time in the law library *at most* to one hour a week to work on his federal petition. Even setting aside when these shortages began, when petitioner began working on his petition, or why an hour of law library time a week was insufficient to achieve a timely filing, a prisoner's limited access to the prison law library is also not grounds for equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). This is because "equitable tolling is an extraordinary remedy that is rarely granted," and petitioner has not established that he qualifies for it here. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

The only remaining question on habeas review is whether to grant petitioner a

certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this court finds that no reasonable jurists would debate whether the petition was untimely, the court will not issue petitioner a certificate of appealability. Nevertheless, petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1) Respondent Warden Clinton Bryant's motion to dismiss (dkt. #10) is GRANTED and petitioner Brian Barwick's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED as untimely.

2) Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 12th day of July, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge